```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6-11-24
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KEVIN PARKER,
                    Petitioner,

v.

UNITED STATES OF AMERICA,
                    Respondent.

---

**ORDER**

24-CV-4229 (VB)
15-CR-0848 (VB)

6-11-24

Copies Mailed/Faxed
Chambers of Vincent L. Briccetti

Briccetti, J.:

Petitioner Kevin Parker, who is currently incarcerated at FCI Ray Brook, brings this pro

se motion under 28 U.S.C. § 2255 challenging the legality of his sentence entered in United

States v. Parker, No. 15-CR-0848 (S.D.N.Y. June 12, 2019).  For the following reasons, the Court

directs petitioner to file a declaration by no later than August 12, 2024, showing cause why this

motion should not be denied as time-barred.

**BACKGROUND**

In an amended judgment dated June 12, 2019, petitioner was convicted of two counts of

being a felon in possession of a firearm and ammunition under 18 U.S.C. § 922(g)(1).[1]  The

Court sentenced petitioner to an aggregate sentence of 210 months' imprisonment followed by

three years' supervised release.  (ECF 1:15-CR-0848, Doc. #62).  Petitioner did not appeal the

amended judgment, and it therefore became final on June 26, 2019, fourteen days after entry of

the amended judgment.  Fed. R. App. Proc. 4(b)(1)(A)(i); Moshier v. United States, 402 F.3d

---

[1]      Petitioner was originally convicted in a judgment entered on March 30, 2017.  (ECF
7:15-CR-0848, Doc. #35).  Petitioner appealed the conviction.  By Mandate dated January 10,
2019, the Court of Appeals for the Second Circuit determined that there was insufficient
evidence in the record to support a finding that petitioner had previously sustained two felony
convictions, each of which qualified as a "crime of violence" of a "controlled substance offense,"
and remanded the case for resentencing.  (ECF 1:15-CR-0848, Doc. #47).  Petitioner was
resentenced on June 10, 2019, and the amended judgment was entered on June 12, 2019.

116, 118 (2d Cir. 2005) ("[A]n unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires.").

On May 13, 2024, petitioner filed this motion under 28 U.S.C. § 2255, asserting that his conviction violates his right under the Second and Fifth Amendments to possess a firearm for self-defense.  He appears to rely on the Supreme Court's decision in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), in which the Supreme Court held that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home.

## DISCUSSION

Petitioner's application may be time-barred.  A federal prisoner seeking relief under Section 2255 must generally file a motion within one year from the latest of four benchmark dates:  (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2255(f).

Under 28 U.S.C. § 2255(f)(1), petitioner had one year after the amended judgment became final to file a Section 2255 motion; that is, he had until on or about June 26, 2020, to file a timely Section 2255 motion.  Petitioner filed this motion on May 13, 2024, more than three years after his conviction became final.[2]

---

[2]     Petitioner signed the motion on May 13, 2024.  Under the prison mailbox rule, this date qualifies as the filing date.  See Walker v. Jastremski, 430 F.3d 560, 562–64 (2d Cir. 2005) (discussing prison mailbox rule).

Because petitioner appears to be relying on the Supreme Court's decision in <u>Bruen</u>, he may be attempting to assert that the motion is timely under in Section 2255(f)(3), which provides for a one-year limitation period from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."   As an initial matter, numerous courts have rejected the argument that <u>Bruen</u> recognized a new constitutional right and made the right retroactively applicable to cases on collateral review.  <u>See, e.g.</u>, <u>In re Terry</u>, 2022 WL 20033240, at *2 (11th Cir. Nov. 14, 2022) ("[T]o the extent that the right recognized in <u>Bruen</u> is a previously unavailable, new rule of constitutional law, <u>Bruen</u> has not been made retroactive to cases on collateral review by the Supreme Court."); <u>Gaudette v. United States</u>, 2024 WL 1538017, at *2 (D. Me. Apr. 9, 2024) ("[T]he <u>Bruen</u> Court's discussion about historical analogues does not itself constitute a new rule of law for purposes of the § 2255 statute of limitations that would support a postconviction challenge to a § 922(g)(1) conviction."); <u>Barragan-Gutierrez v. United States</u>, 668 F. Supp. 3d 1231, 1235 (D. Wyo. 2023) ("<u>Bruen</u> does not trigger a new one-year limitations period under 28 U.S.C. § 2255(f)(3).").

Even if the Court assumes that <u>Bruen</u> recognized a new constitutional right that was made retroactively available to cases on collateral review, the motion is still untimely.  The Supreme Court decided <u>Bruen</u> on June 23, 2022.  Petitioner therefore had until June 23, 2023, to file a timely motion under Section 2255(f)(3).  He did not file this motion until May 13, 2024.  Petitioner alleges no facts to explain why his motion is timely or why equitable tolling should apply.

Petitioner is directed to show cause by August 12, 2024, why this motion should not be denied as time-barred.  Petitioner should allege any facts that show that he has been pursuing his

rights diligently and that some extraordinary circumstance prevented him from timely submitting this motion. See Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001) (holding that extraordinary circumstances may warrant tolling the statute of limitations for Section 2255 motions).

**CONCLUSION**

Petitioner is directed to file a declaration by no later than August 12, 2024, showing cause why the motion should not be denied as time-barred. For petitioner's convenience, a declaration form is attached to this Order. If petitioner files a declaration within the time allowed, the Court will review it, and if proper, will order that the motion be served on respondent. If petitioner fails to comply with this Order, the motion will be denied as time-barred. No answer will be required at this time.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Chambers will mail a copy of this Order and declaration form to petitioner at the address listed on the docket in case no. 24-CV-4229.

Dated: June 11, 2024                SO ORDERED:
     White Plains, NY

Vincent L. Briccetti
United States District Judge

4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Kevin Parker

Write the first and last name of each plaintiff or
petitioner.

-against-

U S A

Case No. 24 CV 4229 (VB)
15 CR 848 (VB)

Write the first and last name of each defendant or
respondent.

## DECLARATION

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Attach additional pages and documents if necessary.

_____          _____
Executed on (date)               Signature

_____          _____
Name                                       Prison Identification # (if incarcerated)

_____          _____
Address                          City              State       Zip Code

_____          _____
Telephone Number (if available)           E-mail Address (if available)

Page 2