UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
KEVIN PARKER,                                       :
          Petitioner,                       :        **MEMORANDUM OPINION**
                                       :        **<u>AND ORDER</u>**
v.                                                  :
                                       :        15 CR 848 (VB)
UNITED STATES OF AMERICA,                           :        24 CV 4229 (VB)
          Respondent.                       :
--------------------------------------------------------x

Briccetti, J.:

      Petitioner Kevin Parker, proceeding <u>pro se</u>, moves pursuant to 28 U.S.C. § 2255 to

vacate, set aside, or correct his sentence, arguing that the Second Amendment protects his

possession as a convicted felon of a firearm and ammunition.

      For the reasons set forth below, the motion is DENIED and the petition is DISMISSED.[1]

**BACKGROUND**

      The papers in support of and in opposition to the motion, and the record of the underlying

criminal proceedings, reflect the following.

      In June 2015, Parker sold a semi-automatic pistol and ammunition to a confidential

informant working with law enforcement.  In August 2015, Parker got into an altercation with

another individual, left the scene to retrieve a .40 caliber firearm from a residence, and then

returned to the scene and fired eight rounds at the victim, striking him seven times and critically

injuring him.  A stray bullet struck a bystander.  At the time, Parker had several prior felony

convictions.

---

[1]    As such, Parker's motion "requesting the Court to make a decision on" his Section 2255
motion (Doc. #11 in case no. 24-cv-4229) is denied as moot.

Parker pleaded guilty to possessing a firearm and ammunition as a convicted felon (Count One) and possessing ammunition as a convicted felon (Count Two), in violation of 18 U.S.C. § 922(g)(1).  On March 30, 2017, the Court sentenced Parker to 90 months' imprisonment on Count One and 120 months' imprisonment on Count Two, to be served consecutively, for a total term of imprisonment of 210 months.

Parker appealed, but challenged only his sentence and not the constitutionality of Section 922(g)(1).

In December 2018, the U.S. Court of Appeals for the Second Circuit vacated Parker's sentence and remanded for resentencing, concluding that this Court's calculation of Parker's base offense level under the Sentencing Guidelines was incorrect.  See United States v. Parker, 745 F. Appx. 431, 432 (2d Cir. 2018).

On June 10, 2019, the Court resentenced Parker to the same sentence—90 months on Count One and 120 months on Count Two, to run consecutively.  On June 12, 2019, the amended judgment was entered, and Parker did not appeal.

Nearly five years later, on May 13, 2024, Parker mailed the instant Section 2255 motion to the Court, in which he challenges his indictment, guilty plea, and sentence on the ground that Section 922(g)(1) is unconstitutional under the Second Amendment.

## DISCUSSION

The government contends the one-year statute of limitations in 28 U.S.C. § 2255(f) bars Parker's Section 2255 motion, and that, in any event, the motion is meritless.

The Court agrees.

I.    Timeliness

A sentenced defendant must file a motion to vacate, correct or set aside a sentence within one year of the latest of four benchmark dates: when the judgment of conviction becomes final; when a government-created impediment to making such a motion (which impediment is in violation of the Constitution or federal law) is removed; when the right asserted is initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or when the facts supporting the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f)(1) through (4).  Equitable tolling may excuse an untimely Section 2255 motion, but only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"  Rivas v. Fischer, 687 F.3d 514, 538 (2d Cir. 2012) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)); accord, United States v. Wright, 945 F.3d 677, 684 (2d Cir. 2019).[2]  Equitable tolling "applies only in rare and exceptional circumstances."  Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000).

Here, Parker's conviction became final on June 26, 2019, when his time to file a notice of appeal expired.  This is because Parker had fourteen days after the entry of the amended judgment on June 12, 2019, to file a notice of appeal, see Fed. R. App. P. 4(b)(1)(A)(i), and an "unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."  Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005).  Therefore, to be timely under Section 2255(f)(1), Parker must have filed the instant Section 2255 motion by June 26,

---

[2]    Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

2020.  Because Parker did not file the motion until May 13, 2024, it was untimely under the plain terms of Section 2255(f)(1).

Liberally construed, Parker's petition could be read as relying on New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), to contend that Bruen recognized a constitutional right for felons to possess firearms and made it "retroactively applicable to cases on collateral review," pursuant to Section 2255(f)(3).  But to the extent Parker advances it, that argument is meritless.  As discussed in greater detail below, Bruen did not establish a constitutional right for felons to possess firearms.  Moreover, the Supreme Court decided Bruen in June 2022—nearly two years before Parker filed his Section 2255 motion on May 13, 2024.  So even if Bruen had established such a right, Parker's petition would still be untimely under Section 2255(f)(3).

Because Parker's petition is untimely under Section 2255(f)(1) through (4), his petition is timely only if its late filing is excused by equitable tolling.  It is not.  Parker identifies no justification for equitable tolling.  He does not maintain that an extraordinary circumstance prevented him from filing a timely Section 2255 motion, nor does he argue that he has discovered any new facts warranting equitable tolling.

In short, Parker's motion is untimely under Section 2255 and he has failed to establish he is entitled to equitable tolling.  Therefore, his motion must be denied as untimely.[3]

---

[3]    Although the untimeliness of the motion is a sufficient ground to deny it, Parker's motion is also procedurally barred for the reasons identified in the government's opposition.  (Doc. #71 at 8–9 in case no. 15-cr-848).  Specifically, Parker failed to raise these claims on direct appeal, United States v. Parker, 745 F. Appx. at 431, meaning these claims are procedurally defaulted, and he cannot show either recognized exception to procedural default:  cause and prejudice or actual innocence.  Gupta v. United States, 913 F.3d 81, 84 (2d Cir. 2019).

II.    The Merits

The government argues that even if the Court could entertain Parker's motion, it fails on the merits because Section 922(g)(1) is constitutional both facially and as applied to Parker.

The Court agrees.

A firearm regulation is constitutional if "it is consistent with the Nation's historical tradition of firearm regulation." New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. at 24. In District of Columbia v. Heller, the Supreme Court held that the Second Amendment protects "the right of law-abiding, responsible citizens to use arms in defense of hearth and home," but emphasized that nothing in its opinion "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." 554 U.S. 570, 626, 635 (2008).

Prior to Bruen, the Second Circuit relied on Heller in upholding the constitutionality of Section 922(g)(1). See United States v. Bogle, 717 F.3d 281 (2d Cir. 2013). Bruen did not abrogate Bogle because, more recently, the Supreme Court reiterated that longstanding prohibitions on felons possessing firearms are presumptively lawful. United States v. Rahimi, 602 U.S. 680, 699 (2024). Rahimi thus reinforces the Second Circuit's conclusion in Bogle that Heller does not prohibit laws barring felons from possessing firearms. Further, Bruen is not inconsistent with Bogle, because the Second Circuit in Bogle did not employ the means-end Second Amendment analysis rejected by the Supreme Court in Bruen. See United States v. Aramboles, 2024 WL 813466, at *2 (S.D.N.Y. Feb. 27, 2024). Therefore, as numerous other judges in this district have concluded, Bruen does not abrogate the constitutionality of Section 922(g)(1). See, e.g., United States v. Hampton, 676 F. Supp. 3d 283, 301 (S.D.N.Y. 2023). Accordingly, Parker's facial challenge is meritless.

5

Parker's as-applied challenge to Section 922(g)(1), to the extent he raises one, also fails. To start, "given Bruen's recency, the case law has not yet developed the parameters of an as-applied Second Amendment challenge." United States v. Hampton, 676 F. Supp. 3d at 298. More fundamentally, however, because neither the Supreme Court nor the Second Circuit have found Section 922(g)(1) unconstitutional in any respect, Parker cannot argue that the statute is unconstitutional as applied to him.

At bottom, Parker's Section 2255 motion is both untimely and meritless.

**CONCLUSION**

Petitioner Kevin Parker's motion under 28 U.S.C. § 2255 is DENIED and the petition is DISMISSED.  As such, his motion "requesting the Court to make a decision on" his Section 2255 motion (Doc. #11 in case no. 24-cv-4229)  is DENIED as moot.

As Parker has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability will not issue.  28 U.S.C. § 2253(c)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to close case no. 24-cv-4229.

The Clerk is further instructed to mail a copy of this memorandum opinion and order to petitioner at the address on the docket in case no. 24-cv-4229.

Dated: May 8, 2025
      White Plains, NY             SO ORDERED:

                                 Vincent L. Briccetti
                                 United States District Judge