USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4-14-26_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN PARKER,

Movant,

-against-

UNITED STATES OF AMERICA,

Respondent.

**TRANSFER ORDER**

15 CR 848 (VB)

26 CV 2922 (VB)

VINCENT L. BRICCETTI, United States District Judge:

Movant, currently incarcerated in the medium security Federal Correctional Institution in Yazoo City, Mississippi, brings this pro se "'Emergency' Motion Requesting the Court to Order his Immediate Release from the Government's Unlawful Confinement," challenging his conviction and/or sentence in United States v. Parker, 15-CR-848 (VB). For the reasons set forth below, the Court construes this motion as a motion to vacate, set aside, or correct a federal sentence under 28 U.S.C. § 2255, and transfers this matter to the United States Court of Appeals for the Second Circuit as a second or successive Section 2255 matter.

The proper jurisdictional basis for the relief movant seeks is Section 2255. Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." Jiminian v. Nash, 245 F.3d 144, 146–47 (2d Cir. 2001). Movant has previously challenged his conviction and/or sentence in a Section 2255 motion, which was denied by the Court as untimely and without merit. Parker v. United States, 15-CR-848, 24-CV-4229 (VB), 2025 WL 1348499 (S.D.N.Y. May 8, 2025).

A Section 2255 motion is second or successive when a previously filed Section 2255 motion challenging the same conviction and/or sentence was adjudicated on the merits.[1] Corrao

---

[1]    A Section 2255 motion that is denied "as time-barred . . . constitutes an adjudication on

v. United States, 152 F.3d 188, 191 (2d Cir. 1998). A court may recharacterize a court filing as a second or successive Section 2255 motion without providing the litigant with an opportunity to withdraw that filing. Jiminian v. Nash, 245 F.3d at 148. Because Movant has already filed a Section 2255 motion that was decided on the merits, see Parker v. United States, 2025 WL 1348499, the Court construes this motion as a second or successive Section 2255 motion.

Before a movant may file a second or successive Section 2255 motion in a federal district court, he must receive authorization from the appropriate court of appeals. See 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Movant has not stated that he has received authorization from the United States Court of Appeals for the Second Circuit to file this motion. He must, therefore, request permission to pursue this motion from the Second Circuit. Because second or successive Section 2255 motions should be transferred to the appropriate court of appeals, see Liriano v. United States, 95 F.3d 119, 122–23 (2d Cir. 1996), in the interest of justice, the Court transfers this matter to the Section Circuit, see 28 U.S.C. § 1631.

## CONCLUSION

The Court construes movant's "'Emergency' Motion Requesting the Court to Order his Immediate Release from the Government's Unlawful Confinement" as a second or successive motion under 28 U.S.C. § 2255. In the interest of justice, the Court transfers this matter to the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 1631; Liriano v. United States, 95 F.3d at 122-23. This order closes this action in this court.

Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

---

the merits for successive purposes." Villanueva v. United States, 346 F.3d 55, 61 (2d Cir. 2003).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to mail a copy of this transfer order to movant at the address on the docket in case no. 26-cv-2922 (VB).

Dated: April 14, 2026
          White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

3